# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS
### No. 16-0070V
### Filed: March 2, 2017
UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| JAMIE SPIVAK, the parent and natural guardian of a minor child, C.C., | * <br> * <br> * |
| Petitioner, | * |
| v. | * |
| | * |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * <br> * |
| | * |
| Respondent. | * <br> * |

Joint Stipulation on Damages; Measles, Mumps, and Rubella ("MMR") Vaccine; Varicella Vaccine; Immune Thrombocytopenia Purpura ("ITP") Special Processing Unit ("SPU")

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

*Randall G. Knutson, Knutson & Casey Law Firm, Mankato, MN, for petitioner.*
*Althea W. Davis, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON JOINT STIPULATION[1]

**Dorsey**, Chief Special Master:

On January 13, 2016, Jamie Spivak ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act") on behalf of her minor child, C.C. Petitioner alleges C.C. was diagnosed with immune thrombocytopenia purpura ("ITP") which was caused-in-fact by the measles, mumps, and rubella ("MMR") vaccine C.C. received on February 5, 2013, and the varicella vaccine C.C. received on February 28, 2013. Petition at 1, ¶¶ 4, 11; *see also* Stipulation, filed Mar. 2, 2017, at ¶¶ 1-2, 4. Petitioner further alleges that C.C. received the vaccines alleged as casual in the United States, that C.C. suffered the residual effects of his ITP for more than six months, and that neither petitioner nor C.C. has received compensation for C.C.'s injury alleged as vaccine caused. Petition at ¶¶ 4, 11-12, 14; *see also* Stipulation at ¶¶ 3-5. "Respondent denies that the varicella or

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

MMR vaccine caused C.C.'s immune thrombocytopenia purpura or any other injury or his current disabilities." Stipulation at ¶ 6.

Nevertheless, on March 2, 2017, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that petitioner shall receive the following compensation:

**An amount sufficient to purchase the annuity contract described in the stipulation (*id.* at ¶ 10) paid to the life insurance company, meeting the requirements set forth in the stipulation (*id.* at ¶ 9), from which the annuity will be purchased. *Id.* at ¶ 8.** This amount represents compensation for all items of damages that would be available under 42 U.S.C. § 300aa-15(a). *Id.*

The undersigned approves the requested amount for petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JAMIE SPIVAK, the parent and natural guardian of a minor child, C.C., ) ) ) | |
| Petitioner, ) ) | No. 16-70V |
| v. ) ) ) | Chief Special Master Nora Beth Dorsey ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, ) ) ) | |
| Respondent. ) ) ) | |

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of her son, C.C., petitioner filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program").  The petition seeks compensation for injuries allegedly related to C.C.'s receipt of the varicella and measles-mumps-rubella ("MMR") vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. C.C. received an MMR immunization on February 5, 2013, and a varicella immunization on February 28, 2013.

3. The vaccines were administered within the United States.

4. Petitioner alleges that C.C. sustained the first symptom or manifestation of the onset of immune thrombocytopenia purpura on or about March 12, 2013.  Petitioner further alleges that C.C. suffered the residual effects of this injury for more than six months.

1

5.  Petitioner represents that there has been no prior award or settlement of a civil action for damages on C.C.'s behalf as a result of his condition.

6.  Respondent denies that the varicella or MMR vaccine caused C.C.'s immune thrombocytopenia purpura or any other injury or his current disabilities.

7.  Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8.  As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

9.  The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

a.   A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

b.   Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

c.   Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

d.   Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

2

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of C.C., pursuant to which the Life Insurance Company will agree to make payments periodically to C.C. as follows:

a.     A guaranteed lump sum payment of $10,000.00 paid on July 11, 2029.
b.     A guaranteed lump sum payment of $12,000.00 paid on July 11, 2032.
c.     A guaranteed lump sum payment of $15,000.00 paid on July 11, 2036.
d.     A guaranteed lump sum payment of $21,165.00 paid on July 11, 2039.

The lump sum payments are guaranteed to C.C. and he will continue to receive the annuity payments from the Life Insurance Company until July 11, 2039. Should C.C. predecease the exhaustion of payments during the guarantee period described above, any remaining payments shall be made payable to the Estate of C.C. Written notice to the Secretary of Health and Human Services and the Life Insurance Company shall be provided within twenty (20) days of C.C.'s death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to

3

further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13.   Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

14.   Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15.   The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for the benefit of C.C. as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16.   In return for the payments described in paragraphs 8 and 12, petitioner, in her individual capacity and as legal representative of C.C., on behalf of herself, C.C. and his heirs, executors, administrators, successors or assigns does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be

4

timely brought in the Court of Federal Claims, under the National Vaccine Injury

Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way

growing out of, any and all known or unknown, suspected or unsuspected personal

injuries to or death of C.C. resulting from, or alleged to have resulted from, the MMR and

varicella vaccines administered on February 5, 2013, and February 28, 2013,

respectively, as alleged by petitioner in a petition for vaccine compensation filed on or

about January 13, 2016, in the United States Court of Federal Claims as petition No.

16-70V.

17. If C.C. should die prior to entry of judgment, this agreement shall be voidable

upon proper notice to the Court on behalf of either or both of the parties.

18. If the special master fails to issue a decision in complete conformity with the

terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in

conformity with a decision that is in complete conformity with the terms of this

Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole

discretion of either party.

19. This Stipulation expresses a full and complete negotiated settlement of

liability and damages claimed under the National Childhood Vaccine Injury Act of 1986,

as amended, except as otherwise noted in paragraph 12 above. There is absolutely no

agreement on the part of the parties hereto to make any payment or to do any act or thing

other than is herein expressly stated and clearly agreed to. The parties further agree and

understand that the award described in this Stipulation may reflect a compromise of the

parties' respective positions as to liability and/or amount of damages, and further, that a

change in the nature of the injury or condition or in the items of compensation sought, is

not grounds to modify or revise this agreement.

20.  Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

21.  This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that C.C. suffered immune thrombocytopenia purpura or any other injury as the result of the MMR and varicella vaccines or any other vaccine, or that his current disabilities are sequelae of his alleged vaccine-related injury.

22.  All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representatives of C.C.

END OF STIPULATION

/

/

/

/

/

/

/

/

/

/

Respectfully submitted,

PETITIONER:

JAMIE SPIVAK

ATTORNEY OF RECORD FOR
PETITIONER:

RANDY KNUTSON, ESQUIRE
Knutson+Casey
196 St. Andrews Dr., # 100
Mankato, MN  56001
(507) 344-8888

AUTHORIZED
REPRESENTATIVE OF THE
ATTORNEY GENERAL:

CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE OF
THE SECRETARY OF HEALTH AND
HUMAN SERVICES:

NARAYAN NAIR, M.D.
Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
Health Resources and Services Administration
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD  20857

ATTORNEY OF RECORD FOR
RESPONDENT:

ALTHEA WALKER DAVIS
Senior Trial Counsel
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-0515

Dated:  2 March 2017

7